MASON H. THORP *vs.* THE TOWN OF BROOKFIELD.

Where a bridge is in a dangerous condition it is the duty of the town to give notice to travelers by a barrier across the road or in some other reasonable way.

The erection of such a barrier is not sufficient unless the town uses reasonable care to keep it up so long as the bridge is in a dangerous condition.

The employment by the town of a proper agent to attend to the matter does not of itself absolve the town from liability, but it continues to be responsible for the negligence of the agent.

The intoxication of a person driving across a dangerous bridge is not of itself a decisive fact upon the question whether he was exercising reasonable care, but is evidence to go to the jury upon the question.

A town is liable for an injury caused by the want of a railing upon a bridge as much as for one caused by a defect in the road-way of the bridge.

A party requested the court to charge the jury that where a witness soon after a transaction had given a version of it materially conflicting with his testimony in court, his evidence must be regarded as impeached. The court charged that the testimony of the witness in such a case was entitled to little if any credit, but that testimony as to such conflicting statements was often very unreliable and likely to be colored by the feelings of the listeners. Held to be unexceptionable.

---

*CHIEF JUSTICE HINMAN sat during the week, but none of the cases argued had been decided at the time of his death which occurred a few days after. The cases not heard during the first week were argued at an adjourned term the May following, at which time a part of the cases argued at the regular term were by order of the court re-argued. The cases thus re-argued will be reported with those of the adjourned term.

ACTION on the statute concerning highways and bridges, for an injury to the horses of the plaintiff through a defect in a bridge of the defendants ; brought to the Superior Court and tried to the jury before *Minor, J.* The plaintiff obtained a verdict and the defendants moved for a new trial for errors in the charge of the court. The case will be sufficiently understood from the opinion.

*Taylor* and *Sanford,* in support of the motion.

*Averill* and *Brewster,* contra.

PARK, J. On the trial of this cause in the court below it was admitted by the defendants that the bridge in question was impassable at the time of the accident, and had been for the space of two days previous thereto, which was known to them. Hence it became the duty of the defendants to give the public some suitable warning of the dangerous condition of the bridge. This they claim to have done by the erection of a fence or barrier across the highway within proper distance of each end of the bridge, and that such erections existed at the time the plaintiff's driver approached the bridge. This was denied by the plaintiff, who claimed that his driver had no warning whatsoever of the dangerous condition of the bridge.

In this state of the case the defendants requested the court to charge the jury, " that if the defendants exercised reasonable and ordinary care and diligence to protect the public and warn them of the defective condition of the bridge, they would not be liable for the injury, even if at the time the plaintiff's driver approached the bridge the fence or barrier so claimed to have been erected by them had been previously removed, if it was done without their knowledge or consent."

The court charged the jury as follows : " It is admitted that at the time of the accident the bridge was dangerous, impassable, and condemned by the town. It was the duty of the defendants to give notice to travelers approaching the bridge of its condition by some proper and reasonable means,

VOL. XXXVI.—41

and any fence or barrier which the jury shall deem reasonably sufficient to warn travelers of danger, will be sufficient notice. The erection of such fence or barrier however, on the day previous, would not relieve the town of its liability, if such barrier was not continued or in existence when the plaintiff's driver approached, and drove upon the bridge."

Complaint is made by the defendants of the last sentence of the charge; and it is claimed to mean, that if the barrier was not in existence when the plaintiff's team was driven upon the bridge, the defendants were liable, notwithstanding it was erected across the highway the day previous, and was then suitable and sufficient; and notwithstanding the defendants exercised extraordinary care in order to continue the same down to the time of the accident. But we think other parts of the charge show that the court did not intend so to be understood by the jury and could not have been so understood by them. We think the language means, that the erection of a suitable barrier the day before did not necessarily relieve the town of liability if it was not in existence at the time of the accident. In another part of the charge the court particularly defined the degree of care the defendants were bound to exercise in order to continue the barrier. The language of the court is as follows :—" In regard to the erection, maintenance, and continuance of the alleged fence or barrier under the care of the agents employed by the town, the care encumbent on the defendants was such ordinary and reasonable prudence, as men of ordinary prudence and ordinary and reasonable care use about their own business."

Here the court substantially said to the jury that if the defendants exercised that degree of care to continue the barrier they were not liable, although the barrier was not in existence at the time of the accident. In another part of the charge the following language was used:—" The plaintiff's driver was entitled to reasonable notice of the defect and danger at the time of his approach to the bridge, and the existence of a fence or barrier previously, or the employment of fit and proper persons to attend to it, would not *of itself* excuse the want of such reasonable notice as it was proper

for and the duty of the defendants to give, if none in fact was given; that the employment of fit and proper agents would not *of itself* absolve the defendants from liability, but they would continue to be responsible for the want of ordinary care or negligence on the part of those agents." Here the charge of the court is substantially the same as we have construed the sentence in question to mean, and substantially the same as the defendants requested the court to charge in this part of the case. It therefore renders the sentence unexceptionable.

It was further claimed by the defendants that if the town employed meet and proper persons to take charge of the erection and maintenance of the fence or barrier across the highway, they performed their whole duty in the premises, no matter whether those agents recklessly neglected to attend to the business entrusted to them or not, provided the town was ignorant of the fact. The court charged the jury upon this claim in the language last quoted, and we think very correctly. We see no reason why towns should not be responsible for the negligence of their agents in a matter like this, as well as for the negligence of their agents in suffering ordinary highways to be out of proper repair, where an injury accrues in consequence. The case is unknown to the courts where a successful defense of this kind has been made in the latter class of cases; and we should hesitate long before we sanctioned such a doctrine in cases like this. The hazard to the public is generally greater if a bridge is impassable and no warning is given of its dangerous condition, than where an ordinary highway is out of repair; and certainly towns should be held in such cases to an equally strict responsibility.

The defendants further requested the court to charge the jury that, if the plaintiff's driver was grossly intoxicated at the time of the accident, the plaintiff could not recover, although the driver exercised reasonable care to avoid the danger. The court charged the jury that the intoxication of the driver would not of itself relieve the town of liability, but that the question was whether or not he exercised reasonable

'care to avoid the danger; and that, should the jury find that he was intoxicated at the time of the accident, they should take his condition into consideration with the other facts of the case in determining such question. The court had previously charged the jury that the plaintiff could not recover if the driver did not exercise reasonable care to avoid the danger at the time of the accident and the want of such care contributed substantially to produce the injury. We think the whole charge on this subject is unexceptionable. The defendants can find no excuse in the intoxication of the driver if it had nothing to do with causing the accident.

We think the court charged the jury correctly concerning the want of a railing on the side of the bridge at the place where the accident occurred. It was proved and not denied by the defendants that the bridge was dangerously defective from the want of a railing, and had been for many years; and was also impassable by reason of a large hole in the west abutment caused by a recent freshet. In this state of things it was the duty of the defendants to give the public proper warning of the dangerous condition of the bridge till proper repairs could be made. If such warning was given, or if the defendants exercised reasonable care to give such warning at the time of an accident, then they would not be responsible for an injury which occurred by reason of any of the defects of the bridge. But if no such warning was given, and no such care exercised to give such warning, then the defendants would be liable for an injury which resulted from any of the defects of the bridge, provided the party injured exercised reasonable care to avoid the danger.

· The defendants would be liable as much for an injury resulting from the want of a railing, if one was required, as for an injury occasioned by the hole in the abutment. No distinction could be made between the different defects of the bridge occasioning an injury under such circumstances. We think the charge of the court was all that was required in this part of the case to enable the jury fully to understand the questions to be tried.

We further think the defendants have no cause to com-

plain of the charge of the court respecting the contradiction of one of the witnesses called by the plaintiff. The defendants requested the court to charge the jury that where a witness has recently after a transaction given a version of it materially different from and contrary to what he testified in court, his evidence must be regarded as impeached. The court charged the jury that if the witness was contradicted in the manner claimed by the defendants his evidence was entitled to little if any credit, but that testimony as to such contradictions was often very unreliable and apt to be colored by the feelings of the listeners. This charge was as favorable to the defendants as it safely could have been.

We think no new trial should be granted, and so we advise the Superior Court.

In this opinion the other judges concurred.