MARGARET E. WALLACE *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

While a city is not obliged to maintain its streets in a condition of absolute safety, it is bound to exercise reasonable care to keep them in a reasonably safe condition for public travel.

The plaintiff, while crossing a street at night, attempted to step from a temporary curb to the sidewalk, which was seventeen inches lower and unlighted, and fell and was injured. The curb, composed of two superimposed wooden stringers each eight inches thick, had been placed upon the permanent stone curbing by a railroad company to retain the road-bed which had been raised in a readjustment of the city streets and bridges while the company was widening and improving its right of way, and had been there nearly two years at the time of the plaintiff's accident. *Held* that the trial court properly left it to the jury to determine, as a question of fact, whether the curb constituted a defect in the street or sidewalk.

An obstruction in the highway may be useful and necessary for the purpose for which it was erected and is maintained, but it must also be reasonable with reference to the rights of the public, which are not to be sacrificed or disregarded.

The exercise of reasonable care does not require a traveler on the highway to heed an obstruction or pitfall that he cannot see and of which he has no knowledge.

Unless required by statute, a city is not bound to light its streets; but the fact that a street is unlighted may have a material bearing upon the question of the exercise of due care by the city during the time

the street is obstructed or is undergoing repair. It is also relevant to the exercise of like care upon the part of the injured traveler.

Argued October 29th—decided December 17th, 1909.

ACTION to recover damages for personal injuries caused by an alleged defective highway, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $500 damages, and appeal by the defendant. *No error.*

*Edward H. Rogers,* for the appellant (defendant).

*Walter J. Walsh,* for the appellee (plaintiff).

RORABACK, J. The plaintiff was injured on the evening of March 22d, 1908, while returning to her home in the city of New Haven, by stepping from the top of a temporary street curb to the sidewalk seventeen inches below. This temporary curb was about fifty feet in length, and consisted of two large yellow pine stringers, each eight inches thick and eight inches wide, laid on the top of one another and allowed to rest upon the permanent stone curbing. The sidewalk ran to the stone curb and was about an inch below it, so that the top of the temporary curb (at its highest point and at the place where the plaintiff fell) was about seventeen inches above the sidewalk. The road-bed varied in level, below the top of the stringers, from one to nine inches, and at the point where the accident happened it was eight inches,—substantially the average level of the gutter or road-bed of a city street below the top of the curb. This curb had been in this condition for one year and ten months before the plaintiff was injured. It was placed there by the New York, New Haven and Hartford Railroad Company, for the purpose of maintaining the roadway on State Street after its grade had been elevated to accommodate the readjustment of the streets

and bridges of the defendant city when the Railroad Company was widening the right of way of its Northampton Division.

During the progress of the work of widening the right of way, it became necessary, for the protection of foot passengers, to construct a temporary fence about six feet high upon the easterly side of State Street and on the opposite side of the street from the temporary curb. The fence at the time of the accident was guarded by three red lanterns, which were lighted and burning; one of the lanterns was hung on the southerly side of the fence so that it might be seen by foot passengers going in a northerly direction upon the easterly sidewalk of State Street; another was hung upon the outer face of the fence and could not be seen by any one walking upon the easterly sidewalk of State Street within a block of this point; and the third lantern was hung on the northerly side of the fence so as to be seen by foot passengers going south upon the easterly sidewalk of State Street. These lanterns were placed there to warn foot passengers on the easterly sidewalk not to walk across a bridge. There were no street lights within two hundred feet of the place where the plaintiff fell and was injured. This fence prevented travelers from proceeding further north on that sidewalk, so that when they approached the fence they would be compelled to either cross the roadway or go around the fence and along the line of the same out into the street. The defendant for a long time prior to the date of the plaintiff's injury knew of these conditions.

When the plaintiff was walking northerly on the easterly side of the sidewalk of State Street, she saw this board fence across the sidewalk, with a red lantern suspended from the southerly side of the fence. The lantern indicated to her that it was dangerous to continue on the easterly side of the street, so she turned and walked slowly across the street, nearly at right angles. She stepped up from

VOL. LXXXII—34

the road-bed about eight inches on to the stringers or temporary curb, and in attempting to step to the walk she fell and was injured. The conditions existing at the place where the plaintiff was injured were unknown to her. The roadway at the point of the accident, and from thence to the easterly sidewalk, was dark.

The defendant contends that upon the facts stated it appears that the street in question was not defective within the meaning of the statute, and that upon all the evidence the plaintiff was not entitled to recover. Instructions to that effect were requested by the defendant. The court declined so to rule, but in its charge to the jury instructed them that this action "is essentially . . . a case for the good sound judgment of the jury to pass upon after a consideration of the facts in the case. It is largely, almost wholly, a question of fact. . . . The ground of defect, as I have stated to you, is that stringer in the situation in which it was." There was a verdict for the plaintiff, and the defendant assigns as error the refusal of the court to give the rulings asked for, to set aside the verdict as against the evidence, and in charging as it did.

Whether this temporary curbing constituted a defect in the sidewalk which the defendant, in the exercise of reasonable care, should have remedied, was a proposition properly submitted to the jury as a question of fact.

The standard of duty fixed by the statute relating to the maintenance of highways is one that calls for the exercise of reasonable care to maintain the street in a reasonably safe condition for public travel. A condition of absolute safety is obviously unattainable. A condition of reasonable safety only is required in view of the circumstances of each particular case. A highway should be made reasonably safe in view of its proper use, and of those events which may naturally be expected to arrive as incident to that use by the traveling public. *Upton* v. *Windham*, 75 Conn. 288, 292, 53 Atl. 660.

This fence across the sidewalk, with the lantern, so diverted travel across State Street that the temporary curbing might have been an obstruction upon one of the ordinary lines of travel. It might reasonably have been anticipated that pedestrians having no previous knowledge of the conditions of this place would attempt to cross the street and reach the sidewalk opposite the fence over this pile of timbers. In the dark such a course would necessarily be attended with danger. This danger was one which the jury might fairly find should have been apprehended and guarded against.

It is true, as the defendant contends, that this pile of stringers was necessary in the use of the highway where it was located. It is not sufficient, however, that an obstruction is necessary with reference to the business for which it was erected and maintained. It must also be reasonable with reference to the rights of the public, which should not be sacrificed or disregarded. The fact that these timbers were necessary and serving a useful purpose, did not justify the defendant in maintaining them in such a condition as to render the highway defective and unsafe.

The defendant also requested the court to instruct the jury that "there is no sufficient evidence that the plaintiff was in the exercise of such a degree of due care as is necessary to entitle her to recover."

The plaintiff was walking upon a highway where there was nothing in the situation to give notice that it was dangerous to proceed. It was dark; the place was unlighted. She was not required to heed an obstruction that she could not see and of which she had no knowledge.

The defendant also asked the court to instruct the jury that "the defendant was not under any duty to specially illuminate and guard the locality where the girders or retaining boards were."

While it is true that in the absence of statute a city is not liable for not lighting its streets, yet the fact that a

street was not lighted may be material as showing care or lack of care during the time that the street was obstructed or was in process of repair. Tiedeman on Municipal Corporations, § 344a; *Canavan* v. *Oil City,* 183 Pa. St. 611, 38 Atl. 1096; *Miller* v. *St. Paul,* 38 Minn. 134, 36 N. W. 271; *Indianapolis* v. *Scott,* 72 Ind. 196. Here was a structure, temporary in its nature, which, owing to its peculiar surroundings, became dangerous to travelers passing along this street in the night season. The circumstances were such as might make it the duty of the defendant to have exposed this condition by a proper light.

The accident to the plaintiff occurred in the night. To recover, she must have been in the exercise of due care. It was material for her to show that there was no light near this defective sidewalk. Had the light been sufficient to render this defect visible, she might have been guilty of contributory negligence had she not avoided it. If, on the other hand, it was not visible because of the darkness, it was proper to show this fact, as bearing upon the degree of care which she exercised.

There is no error.

In this opinion the other judges concurred.