Jerry L. WESTBY, Appellant,

v.

ITASCA COUNTY, Respondent.

No. 49222.

Supreme Court of Minnesota.

Jan. 4, 1980.

Edward J. Matonich and Darrold Persson, Hibbing, for appellant.

Russell A. Anderson, Bemidji, for respondent.

Heard before OTIS, ROGOSHESKE and WAHL, JJ., and considered and decided by the court en banc.

OTIS, Justice.

Plaintiff Westby brings this action against Itasca County and department of natural resources conservation officer Donald Claude claiming damages for negligent maintenance of a highway. The trial court ruled that Claude enjoyed sovereign immunity of the State of Minnesota, that he was not an agent or employee of Itasca County, that even if he was an independent contractor of the county, his negligence was collateral, and, consequently, that the county could not be held vicariously liable for his acts. The jury found that Claude was 100 percent negligent and that the plaintiff and the county were free from negligence. Plaintiff appeals on the grounds that the trial court's rulings on the agency and independent contractor status of Claude were incorrect.

We reverse and order judgment for plaintiff.

Plaintiff Westby injured his lower back when his truck overturned as a result of encountering a mud slick on Itasca County Highway Fourteen near Bigfork, Minnesota. That condition was created approximately one hour before the accident when a beaver dam located near the road was destroyed by dynamite to prevent the erosion of the roadbed from water backed up by the dam. In accordance with county practices extending back at least twenty years, the blasting was handled by a department of natural resources conservation officer, Donald Claude, at the request of a county highway maintenance employee, Gene Gustafson.

The explosion was designed to blow debris horizontally over the road to avoid power lines which were located directly above the dam. Claude and his son removed the larger pieces of debris from the road but most of the slippery material remained on the highway. This hazardous condition was not marked or flagged in any manner to warn drivers, and the county was not notified of the hazard until after the accident.

1. Restatement (Second) of Agency § 2 (1958) sets forth the relevant rules:

An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. He may or may not be an agent.

The Restatement definition includes someone who acts gratuitously. *Id.,* ch. 7 at 480.

■ Claude was acting at the request of the county and on its behalf for the sole purpose of maintaining a county road which was neither the function of the department of natural resources nor of a conservation officer. To the extent that Gustafson's conduct was authorized by the county, Claude was an independent contractor of the county as a matter of law.

■ Whether Gustafson had authority to bind the county to an agency or independent contractor relationship with Claude is not in dispute. We note, however, that where a principal acquiesces in the conduct of its agents over an extended period of time there may be implied authority to continue that relationship.

■ 2. A principal is liable for the negligent performance of a nondelegable duty by an independent contractor, and road maintenance is such a duty. *Lamb v. South Unit Jehovah's Witnesses,* 232 Minn. 259, 45 N.W.2d 403, 33 A.L.R.2d 1 (1950); Restatement (Second) of Torts § 417 (1965).

■ 3. The trial court ruled as a matter of law that the failure to clear the mud off of the road was collateral negligence on the part of the independent contractor which relieved the county of liability. However, negligence of an independent contractor is "collateral" only when the negligence is disassociated "from any inherent or contemplated special risk which may be expected to be created by the work." W. Prosser, *Handbook of the Law of Torts* § 71 at 475 (1971). *See* Restatement (Second) of Torts

§ 426 (1965); Smith, *Collateral Negligence,* 25 Minn.L.Rev. 399 (1941). Claude was negligent in failing either to remove the debris, give warning of the hazard, or notify the county of the dangerous condition of the road.

The risks which were created by the explosion we hold to be inherent in the work which was contemplated. Under these circumstances Claude's negligence was not collateral and Itasca County is therefore vicariously liable as his principal.

Reversed. Judgment for plaintiff Westby will be entered.

TODD, J., took no part in the consideration or decision of this case.