HEATHER K. MACHADO *v.* CITY OF HARTFORD
(SC 18224)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued December 4, 2008—officially released July 7, 2009

*Lori Mizerak*, assistant corporation counsel, with whom was *Jonathan H. Beamon*, assistant corporation counsel, for the appellant (defendant).

*Neil Johnson*, for the appellee (plaintiff).

*Richard A. Bieder, Cynthia C. Bott* and *Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

NORCOTT, J. In this appeal, we consider whether a municipality may be held liable under General Statutes

§ 13a-149[1] for injuries caused by a highway defect created by the negligence of a third party contractor hired by the municipality to repair the highway. The defendant, the city of Hartford, appeals[2] from the judgment of the trial court awarding damages to the plaintiff, Heather K. Machado, for injuries and property damage sustained in a car accident caused by a defective roadway at the intersection of Park Street and Hudson Street in Hartford. On appeal, the defendant claims that the trial court improperly concluded that the defendant was liable under § 13a-149 because: (1) the defendant was not the party bound to keep the roadway in repair; and (2) the plaintiff's injuries were caused by the negligence of USA Contractors, Inc. (USA), an independent contractor, and, therefore, any negligence on the part of the defendant was not the sole proximate cause of the plaintiff's injuries. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. On the night of October 7, 2006, the plaintiff was driving home from Hartford Hospital, where she was employed as a nurse. As she approached the intersection of Park Street and Hudson Street in Hartford, the plaintiff hit a large depression in the roadway that had developed as a result of road repair work being performed by USA. The collision caused the plaintiff's car to become airborne and land on an exposed manhole cover projecting six to eight inches above the roadway surface. The resulting impact caused significant damage to the plaintiff's car and injuries to her arms and upper body.

---

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."

[2] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The plaintiff brought the present action against the defendant in small claims court, and the defendant thereafter transferred the matter to the regular docket of the Superior Court. The plaintiff subsequently filed a revised complaint alleging that, pursuant to § 13a-149, the defendant was liable for the plaintiff's injuries because the defendant, its employees or agents negligently had failed to: (1) smooth the roadway during construction; (2) warn of the construction; (3) light the construction area; and (4) reroute traffic. The defendant filed an answer and special defense, asserting that USA was the party responsible for the defective road, and that USA was a proper party to the action and had to defend and indemnify the defendant.[3] Despite submitting this special defense, however, the defendant did not join USA as a third party defendant on the basis of its belief that it was precluded from doing so by this court's decision in *Smith* v. *New Haven*, 258 Conn. 56, 60, 779 A.2d 104 (2001).

The case subsequently was tried to the court on December 19, 2007. Following the plaintiff's submission of evidence, the defendant moved to dismiss the case on the grounds, inter alia, that: (1) the plaintiff was required to prove that the defendant was the party bound to keep the construction site in repair in order to proceed under § 13a-149, and she had neither alleged that that was the case in her complaint nor presented any evidence to that effect at trial; and (2) the plaintiff was contributorily negligent for failing to avoid the depression in the roadway and, therefore, the defendant's negligence could not have been the sole proxi-

---

[3] Specifically, the defendant asserted in its special defense: "The contractor responsible for the construction and maintenance of the road conditions at the intersection of Hudson Street and Park Street, the location where the [p]laintiff's vehicle was allegedly damaged due to said road conditions, is [USA]. The [defendant] is a named insured on [USA's] liability insurance policy. Said contractor is thus a proper party in this action and must provide a defense for and indemnify the [defendant]."

mate cause of the plaintiff's injuries. The trial court denied the defendant's motion, taking judicial notice of the fact that the defendant owned the streets and was charged with their repair and maintenance. The court also concluded that, unless the defendant's evidence was to the contrary, the defendant was solely responsible for the plaintiff's injuries because "the negligence was committed by [USA], which is an agent of the [defendant]."

The defendant subsequently presented its case, primarily consisting of the testimony of James Paggioli, a survey supervisor employed by the defendant, who testified that the repair work had been performed by USA, that USA had had control over the manner and means of performing that work, and that, pursuant to the construction contract between USA and the defendant, USA had the duty to protect the public and maintain a safe work site during the construction process. Thereafter, the trial court rendered an oral decision in favor of the plaintiff, concluding that the roadway was defective, the defendant had actual notice of that defect,[4] the defendant had failed to remedy the defect in a timely manner by placing additional warning signs or lighting, and the defendant's negligence was the sole proximate cause of the plaintiff's injuries. More specifically, with regard to the sole proximate cause issue, the court concluded that the plaintiff had not been negligent in any way and that, although USA's negligence caused the creation of the defective roadway, the defendant was 100 percent liable for the plaintiff's injuries because USA was the defendant's agent, and "its negligence is imputed to the [defendant]." This appeal followed.

---

[4] Specifically, the court concluded that "[Paggioli] said he had seen a depression . . . . I think because [Paggioli] viewed the premises he had actual notice and he should have seen the safety measure—that the safety measures were inadequate and done something about it."

On appeal, the defendant claims that the trial court improperly took judicial notice that the defendant was the party bound to keep the defective roadway in repair and that, contrary to the trial court's conclusion, that obligation had been delegated by contract to USA during the construction process. The defendant also claims that the trial court improperly determined that the defendant's negligence was the sole proximate cause of the plaintiff's injuries on the basis of its improper conclusion that USA was the defendant's agent rather than an independent contractor for whose negligence the defendant was not responsible. Following oral argument before this court, we requested supplemental briefing from the parties[5] on the following issues: "(1) Does General Statutes § 13a-99[6] impose a [nondelegable] duty upon a municipality to maintain the roadways within its city limits, such that it is the party bound to keep the roadways in question under repair? (2) If the answer to the first question is yes, does the sole proximate cause requirement under § 13a-149, namely, that 'the *defect* must have been the sole proximate cause' of the plaintiff's injuries, preclude municipal liability when a third party to whom the municipality delegated the performance of its duty to maintain its roadways negligently created the defect, but when the defect caused the accident in the absence of any other

---

[5] We also invited the Connecticut Trial Lawyers Association, the Connecticut Defense Lawyers Association and the Connecticut Conference of Municipalities to submit amicus curiae briefs regarding these issues. The Connecticut Trial Lawyers Association accepted our invitation, although the other two organizations declined.

[6] General Statutes § 13a-99 provides: "Towns shall, within their respective limits, build and repair all necessary highways and bridges, and all highways to ferries as far as the low water mark of the waters over which the ferries pass, except when such duty belongs to some particular person. Any town, at its annual meeting, may provide for the repair of its highways for periods not exceeding five years and, if any town fails to so provide at such meeting, the selectmen may provide for such repairs for a period not exceeding one year."

intervening factors?" (Emphasis in original.) Having considered the parties' responses to these questions, we now conclude that the trial court properly determined that the defendant was the party bound to maintain the roads under § 13a-149 because the defendant had a nondelegable duty to maintain those roads pursuant to § 13a-99. In addition, although for different reasons than did the trial court, we further conclude that the defect in the present case was the sole proximate cause of the plaintiff's injuries. Accordingly, we affirm the judgment of the trial court.

I

The defendant first claims that the trial court improperly took judicial notice that the defendant was "the party bound to keep [the defective road] in repair" under § 13a-149 because the contract between the defendant and USA placed that obligation on USA for the duration of the construction process.[7] The defen-

---

[7] The defendant also claims that the trial court's conclusion that the defendant was the party bound to keep the road in repair was improper because the plaintiff did not allege in her complaint that that was the case. We previously have recognized, however, that, if the complaint puts the defendant on notice of the relevant claims, then a plaintiff's failure specifically to allege a particular fact or issue is not fatal to his claim unless it results in prejudice to the defendant. See *Stafford Higgins Industries, Inc.* v. *Norwalk*, 245 Conn. 551, 575, 715 A.2d 46 (1998) ("where the trial court had in fact addressed a technically unpleaded claim that was actually litigated by the parties, it was improper for the Appellate Court to reverse the trial court's judgment for lack of such an amendment"); *Service Road Corp.* v. *Quinn*, 241 Conn. 630, 636, 698 A.2d 258 (1997) ("[t]he absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike . . . is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice" [internal quotation marks omitted]); *Tedesco* v. *Stamford*, 215 Conn. 450, 459, 576 A.2d 1273 (1990) ("[A] pleading must provide adequate notice of the facts claimed and the issues to be tried. . . . [A] pleading defect cannot be a basis for setting aside a judgment unless it has materially prejudiced the defendant."), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd on other grounds, 222 Conn. 233, 610 A.2d 574 (1992). Here, the plaintiff's complaint made abundantly clear what her claim was, and the issue of whether the defendant was the party bound to keep the road in repair was specifically litigated at trial. The defendant did not suffer any prejudice or surprise by the plaintiff's failure

dant concedes that this claim was not preserved at trial, but nevertheless seeks review under the plain error doctrine.[8] We conclude that there was no plain error because the defendant had a nondelegable duty to maintain the road in a reasonably safe condition.

It is well established that, "[u]nder the general rule, an employer is not liable for the negligence of its independent contractors. *Douglass* v. *Peck & Lines Co.*, 89 Conn. 622, 627, 95 A. 22 (1915); W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 71, p. 509; 41 Am. Jur. 2d, Independent Contractors § 29 (1995). One exception to this general rule, however, is [when] the owner or occupier of premises owes invitees a nondelegable duty to exercise ordinary care for the safety of such persons." (Internal quotation marks omitted.) *Gazo* v. *Stamford*, 255 Conn. 245, 256–57, 765 A.2d 505 (2001). Nondelegable duties generally are imposed, most often by statute, contract or common law, in recognition of "the policy judgment that certain obligations are of such importance that employers should not be able to escape liability merely by hiring others to perform them." 41 Am. Jur. 2d, Independent Contractors § 43, p. 518 (2005). In such circumstances, "the nondelegable duty doctrine means that [the employer] may contract out the *perfor-*

specifically to allege that fact in its complaint and, accordingly, we conclude that the defendant's claim is without merit.

[8] "An appellate court addressing a claim of plain error first must determine if the error is indeed 'plain' in the sense that it is 'patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable.'" *State* v. *Myers*, 290 Conn. 278, 287, 963 A.2d 11 (2009). Moreover, "[p]lain error review is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Thus, in addition to examining the patent nature of the error, the reviewing court must examine that error for the grievousness of its consequences in order to determine whether reversal under the plain error doctrine is appropriate. A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Citations omitted; internal quotation marks omitted.) Id., 287–88.

*mance* of [its] nondelegable duty, but may not contract out [its] ultimate legal responsibility." (Emphasis in original.) *Gazo* v. *Stamford*, supra, 255. Thus, the non-delegable duty doctrine creates a form of vicarious liability, whereby the employer remains vicariously liable for the negligence of its independent contractors in their performance of the employer's nondelegable duty. Id., 255–56.

With respect to the duty to maintain and repair public highways, it has long been recognized that "[t]he establishment and maintenance of public highways is a function of the state. . . . The state may, however, impose the duty of establishing or maintaining highways upon any agency which it chooses." (Citations omitted.) *DeCapua* v. *New Haven*, 126 Conn. 558, 560, 13 A.2d 581 (1940). In Connecticut, the legislature chose to delegate that duty to the state's towns when it enacted § 13a-99, which provides in relevant part that "[t]owns shall, within their respective limits, build and repair all necessary highways and bridges . . . except when such duty belongs to some particular person. . . ." See also *Wethersfield* v. *National Fire Ins. Co.*, 145 Conn. 368, 371, 143 A.2d 454 (1958) ("[t]he [town's] obligation with regard to highways is a statutory duty, imposed upon it, in invitum, by the state").

Although such a vital public duty, once imposed by the state, generally is considered nondelegable,[9] the

---

[9] See, e.g., *Wiggs* v. *Phoenix*, 198 Ariz. 367, 369–70, 10 P.3d 625 (2000); *Van Arsdale* v. *Hollinger*, 68 Cal. 2d 245, 255–56, 437 P.2d 508, 66 Cal. Rptr. 20 (1968), overruled in part on other grounds by *Privette* v. *Superior Court*, 5 Cal. 4th 689, 702 n.4, 854 P.2d 721, 21 Cal. Rptr. 72 (1993); *Shand Mining, Inc.* v. *Clay County Board of Commissioners*, 671 N.E.2d 477, 481 (Ind. App. 1996), transfer denied, 683 N.E.2d 595 (Ind. 1997); *Trout* v. *Koss Construction Co.*, 240 Kan. 86, 93, 727 P.2d 450 (1986); *Westby* v. *Itasca County*, 290 N.W.2d 437, 438 (Minn. 1980); *Bell* v. *Bay St. Louis*, 467 So. 2d 657, 659 (Miss. 1985); *Hart* v. *Butler*, 393 S.W.2d 568, 582 (Mo. 1965); *Dorr* v. *Farnham*, 57 App. Div. 3d 1404, 1406, 871 N.Y.S.2d 554 (2008); *Terry* v. *Edgin*, 561 P.2d 60, 65–66 (Okla. 1977), on appeal after remand, 598 P.2d 228 (Okla. 1979); *Murray* v. *Ogden*, 548 P.2d 896, 897 (Utah 1976); see also 2 Restatement (Second), Torts § 418 and comments, pp. 400–401 (1965)

defendant contends that the duty imposed by § 13a-99 *is* delegable because that statute specifically provides that the duty to maintain public highways shall be on the state's towns *"except when such duty belongs to some particular person. . . ."* (Emphasis added.) This court previously has stated, however, that "[p]rimarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. . . . Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision . . . ." (Citations omitted.) *Willoughby* v. *New Haven*, 123 Conn. 446, 451, 197 A. 85 (1937). In other words, we consistently have interpreted the "particular person" language in § 13a-99 to account for those rare instances in which the legislature has specifically authorized the delegation of the duty of maintaining public highways to a particular person or entity by statute, special act or public charter, as it did, for example, when it enacted General Statutes § 7-163a.[10] See *Lavigne* v. *New Haven*, 75 Conn. 693, 697, 55 A. 569 (1903).[11] In the absence of such a legislative exception

(municipality charged by statute or common law with duty to maintain and repair public highways may not delegate duty to independent contractor).

[10] General Statutes § 7-163a (b) provides in relevant part that towns may delegate their duty to maintain sidewalks for the purpose of snow and ice removal to the "owner or person in possession and control of land abutting such sidewalk, *other than land used as a highway or street* . . . ." (Emphasis added.)

[11] In *Lavigne* v. *New Haven*, supra, 75 Conn. 694–95, we recognized that "[t]he maintenance of highways in a reasonably safe condition for the legitimate use of the traveling public is a governmental duty. That duty belongs to towns, unless imposed in exceptional cases upon some particular person. . . . In the [a]ct [specifically imposing that duty on towns] as revised and published in 1750 . . . the general duty to repair all highways is expressly qualified by adding: 'unless where it belongs to any particular person, or persons . . . in any particular case;' and the imposition of the duty to repair has ever since been expressed in similar language . . . ." (Citation omitted.) We further recognized that, "[a]s expressed in [the statute then in effect]: The duty of the town ends where the duty of maintenance in sufficient

to the duty specifically imposed by § 13a-99, however, towns lack the authority to shift that duty onto a third party. See *Stevens* v. *Neligon*, 116 Conn. 307, 309, 164 A. 661 (1933) ("[t]he [s]tate places upon the municipality the burden of keeping its highways in a reasonably safe condition for public travel, and this duty [the municipality] cannot impose upon the property owner by contract or ordinance"); *Kristiansen* v. *Danbury*, 108 Conn. 553, 559, 143 A. 850 (1928) (city's duty to maintain its roads "was a primary duty which the city could not delegate to or impose upon a third party, whether by contract or ordinance"); 19 E. McQuillin, Municipal Corporations (3d Ed. Rev. 2004) § 54:26, p. 135 ("[a] municipal corporation, whether by contract or ordinance delegating the construction and care of its streets and sidewalks to a private individual, corporation, or quasipublic corporation, cannot evade its

repair belongs to any particular person or persons in any particular case . . . . When this language was originally used, there were few instances of the duty to repair resting on persons, other than townships. In respect to some highways it was imposed upon the county. Special orders of the General Court may have put the duty upon a particular town in respect to a bridge or highway without its limit. Possibly the duty of repairing certain bits of highway leading to ferry-landings may have belonged to owners of ferry franchises. But it is evident that the language is used chiefly to express with certainty the principle on which the legislation is based, applicable alike to future and present conditions: that is, *when the* [s]*tate commits* to any person the execution of its functions of providing safe highways, in respect to any highway or any portion of a highway, it will punish neglect by that person of the governmental duty thus imposed, whenever an innocent traveler is injured by a defect in the highway existing through such neglect. This duty is, by a general statute [now § 13a-99], specifically imposed upon the several towns in respect to highways and portions of highways within their limits, whose maintenance is not committed to other persons; *it is, by particular statutes, specifically imposed upon some particular persons in respect to particular highways and portions of highways.*" (Emphasis added; internal quotation marks omitted.) Id., 696–97. In addition, we also indicated in *Lavigne* that "[t]he penalties for neglect are directed to the person who neglects the duty imposed. *The general statute necessarily includes, by reference, all particular statutes, and the duty to repair, and the penalty for neglect, in respect to any portion of highways designated in a particular statute, is imposed on the particular persons therein named,* and is not imposed upon the several towns." (Emphasis added.) Id., 697.

responsibility for such care and supervision and thus escape liability for any damage resulting from the failure of the person or corporation, to whom such care and supervision are delegated, to use that ordinary care and diligence to keep such streets or sidewalks in a reasonably safe condition for travel"). Our research does not reveal, and the defendant has not pointed us to, any statutory provision comparable to § 7-163a that would permit the defendant to transfer its general duty to maintain and repair its roads onto a third party independent contractor. Accordingly, we conclude that the defendant's duty under § 13a-99 to maintain its public highways was nondelegable, thereby rendering the defendant the party bound to keep the defective road in repair as a matter of law.

## II

We turn now to the defendant's second claim, namely, that, because the trial court expressly found that USA's negligence had caused the plaintiff's injuries, its determination that the defendant's negligence was the sole proximate cause of the plaintiff's injuries was improper because USA was an independent contractor for whose negligence the defendant was not responsible.[12] We conclude that, regardless of whether USA was the defendant's agent or an independent contractor, the defendant was liable under § 13a-149 because the defect in the road was the sole proximate cause of the plaintiff's injuries.[13]

[12] Relying on *Amsden* v. *Fischer*, 62 Conn. App. 323, 327, 771 A.2d 233 (2001), the plaintiff asserts that the defendant is precluded from claiming that USA's negligence was a contributing factor in her accident because it did not implead USA as a third party defendant. In light of our conclusions herein, however, we need not address this claim.

[13] The parties focus their arguments in their original briefs filed in the present case on the question of whether USA was the defendant's agent or an independent contractor. Because we conclude that the defendant was liable under the statute regardless of whether USA was its agent or an independent contractor, we need not address the agency question in this appeal.

It is well established that, "[t]o prove a breach of statutory duty under this state's defective highway statutes, the plaintiff must prove by a preponderance of the evidence: (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) *that the defect must have been the sole proximate cause of the injuries and damages claimed . . . .*" (Emphasis added; internal quotation marks omitted.) *Bovat* v. *Waterbury,* 258 Conn. 574, 583–84, 783 A.2d 1001 (2001).

This court first announced that sole proximate cause was to be the standard for determining liability under the municipal highway defect statute in *Bartram* v. *Sharon,* 71 Conn. 686, 695, 43 A. 143 (1899), wherein the court concluded that a municipality is not liable under the statute for "an injury caused by the culpable negligence of a traveler, whether to himself or to another [because such an injury], does not happen by means of or through a defect in the highway, even if such defect were a concurring cause. . . . This reason applies with equal force when the injury is caused through the carelessness of a third person." The rationale for precluding liability in such circumstances is that "[i]t is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute." Id., 690.

Accordingly, we consistently have recognized that "[m]unicipal liability under § 13a-149 may . . . be defeated by more than just the fact that the plaintiff was contributorily negligent. . . . [I]f the negligence of a third party is also responsible for the plaintiff's injuries, the municipality will be completely exonerated." *Smith* v. *New Haven*, supra, 258 Conn. 65. We have since clarified, moreover, that the sole proximate cause doctrine is not limited to those cases in which the negligence of another person contributes to the plaintiff's injuries but, rather, also precludes municipal liability when "other . . . independent nontortious factors contributed to the injury . . . ." Id., 60. The defendant relies primarily on our decision in *Smith* v. *New Haven*, supra, 56, in support of its argument that it is not liable under § 13a-149 in the present case because the defect was created by the negligence of USA and, therefore, the defendant's negligence was not the sole proximate cause of the plaintiff's injuries. The defendant's reliance on *Smith*, however, misinterprets the nature of municipal liability under § 13a-149, and improperly extends the scope of the sole proximate cause doctrine beyond its intended limits.

"It is settled law in this state that the liability of [a town] under § 13a-149 is purely for breach of a statutory duty and does not arise from negligence." *Lukas* v. *New Haven*, 184 Conn. 205, 212, 439 A.2d 949 (1981). Such liability represents a penalty for the town's failure to perform adequately its statutory duty to repair its roads, and it is solely the town's failure in that regard that renders it liable. See *White* v. *Burns*, 213 Conn. 307, 315–16, 567 A.2d 1195 (1990). That duty encompasses an obligation to repair all defects of which the town is or should be aware, and not just those defects that arise in the absence of negligence on the part of a third party. Accordingly, because municipal liability under § 13a-149 is predicated exclusively on the town's failure to

carry out its statutory duty, it follows that the manner in which a defect is created in and of itself has no bearing on the town's liability under the statute. Rather, it is the *existence* of the defect and the town's actual or constructive knowledge of and failure to remedy that defect that are of primary importance in making out a prima facie case of municipal liability under § 13a-149. See *Agriesto* v. *Fairfield*, 130 Conn. 410, 417, 35 A.2d 15 (1943) ("[l]iability [under the highway defect statute] depends upon the existence of a defect, not the underlying causes which produced it"); see also 57 Am. Jur. 2d, Municipal, County, School, and State Tort Liability § 164, p. 207 (2001) (when municipality has nondelegable duty and hires independent contractor to perform that duty, municipality is liable "not for the negligence of the contractor, but for [the municipality's] failure to perform the duty imposed on it by law"); 19 E. McQuillin, supra, § 54:71, pp. 263–64 ("Where the defect is caused by a third person, the negligence for which the municipality is liable is not the [third person's negligence in creating] the defect, but instead [its own] negligence in failing to remove or guard the defect after [receiving] actual or constructive notice of it. . . . This rule applies, inter alia, to defects or obstructions caused by the acts of abutting owners, occupants of property bordering on a public way, and independent contractors.").

That is not to say that principles of negligence are entirely irrelevant in an analysis under § 13a-149. See *Prato* v. *New Haven*, 246 Conn. 638, 645, 717 A.2d 1216 (1998). As previously discussed, for example, negligence on the part of the plaintiff or an independent third party may serve as a defense to liability under the sole proximate cause requirement of § 13a-149 when such negligence combines with the defect to cause the plaintiff's injuries. Such liability, however, also may be defeated by the concurrence of an existing defect and

*nonnegligent* intervening factors. See *Smith* v. *New Haven*, supra, 258 Conn. 60; *Agriesto* v. *Fairfield*, supra, 130 Conn. 416. Thus, it is not the mere existence of third party negligence that defeats municipal liability under § 13a-149[14] but, rather, the existence of any intervening factors *unrelated to the defect itself*, whether negligent or not, that *combine* with the defect to cause the plaintiff's injuries.[15]

[14] We acknowledge that our recent decision in *Smith* v. *New Haven*, supra, 258 Conn. 56, appears at first glance to be inconsistent with our conclusions in the present case. In *Smith*, the plaintiff had brought an action under § 13a-149 against the city of New Haven (city) for injuries sustained in an accident caused by a defective roadway. Id., 58. The city subsequently impleaded a private landowner who negligently had created the defect by constructing a wheelchair ramp that had encroached onto the roadway, causing the surface of the roadway to become uneven. Id., 58–59. In rejecting the city's claim that it could seek indemnification from the abutting landowner, we concluded that third party negligence is inconsistent with our sole proximate cause standard under § 13a-149 and that, because the city was either fully liable or not liable at all, the city could not seek indemnification from that negligent third party. Id., 66–67.

Although *Smith* is factually similar to the present case, we conclude that it is nevertheless distinguishable. Specifically, although *Smith* involved a defect that had been created by the negligence of a third party, our analysis in that case did not address the nuanced question that is presented in the present case, namely, whether the sole proximate cause doctrine precludes municipal liability when the only negligence on the part of a third party relates to the *creation* of the defect, as opposed to acting in *combination* with an existing defect to cause the plaintiff's injuries. Rather, our analysis in *Smith* focused on the question of whether the city's claim for indemnification generally was consistent with the sole proximate cause doctrine under § 13a-149. See generally id.

[15] Indeed, this court previously has concluded on several occasions that a municipality may be liable under the applicable highway defect statute despite the fact that the defect was created by the negligence of a third party. See *Leverone* v. *New London*, 118 Conn. 463, 464–66, 173 A. 108 (1934); *Fitch* v. *Hartford*, 92 Conn. 365, 367, 102 A. 768 (1918); *Smith* v. *Milford*, 89 Conn. 24, 33, 92 A. 675 (1914); *Wallace* v. *New Haven*, 82 Conn. 527, 528–30, 74 A. 886 (1909); *Boucher* v. *New Haven*, 40 Conn. 456, 459–60 (1873); *Thorp* v. *Brookfield*, 36 Conn. 320, 323 (1870); but see *Alston* v. *New Haven*, 134 Conn. 686, 689–90, 60 A.2d 502 (1948) (city absolved of liability because defect was created and maintained by state, which was lessee of property abutting road); *Fabrizi* v. *Golub*, 134 Conn. 89, 95–98, 55 A.2d 625 (1947) (city not liable for injuries caused by defective road when nuisance caused by negligence of owner of private property abutting city street created defect in road). By contrast, in those cases in which we have concluded

Indeed, as we emphasized in *Bartram* v. *Sharon*, supra, 71 Conn. 690, liability under the highway defect statute may be defeated when the negligence of a fellow traveler combines with the defect to cause the plaintiff's injuries because, under such circumstances, "[the plaintiff] cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute." When the defect, once created, causes the accident in the absence of any other intervening factors, however, the rationale for precluding liability does not exist because the injuries in that case *would* be caused solely by means of the defect, even though that defect may originally have been created by the negligence of a third party. Indeed, this conclusion is consistent with the nature of municipal liability under § 13a-149, which is predicated on the municipality's failure to carry out its statutory duty to maintain its roads, and not on the negligence of the defendant or of a third party in creating the defect in the first place.[16] See *White* v. *Burns*, supra, 213 Conn. 315–16.

In the present case, the only third party negligence claimed by the defendant related to USA's negligence

that negligence on the part of the plaintiff or a third party precluded municipal liability, that negligence has been unrelated to the creation of the defect itself. See, e.g., *White* v. *Burns*, supra, 213 Conn. 309; *Williamson* v. *Commissioner of Transportation*, 209 Conn. 310, 321–22, 551 A.2d 704 (1988); *Kolich* v. *Shugrue*, 198 Conn. 322, 324–26, 502 A.2d 918 (1986); *Leitkowski* v. *Norwich*, 125 Conn. 49, 51, 3 A.2d 84 (1938); *Roth* v. *MacDonald*, 124 Conn. 461, 463, 200 A. 725 (1938); *Bartram* v. *Sharon*, supra, 71 Conn. 695.

[16] A conclusion that municipal liability under § 13a-149 could be defeated simply by virtue of the fact that the defect was created by the negligence of a third party, moreover, would lead to absurd results. Under such a rule, for example, a municipality could have clear knowledge of a dangerous defect caused by the negligence of a third party, consciously delay remedying that defect indefinitely and without justification, and yet avoid liability for an accident that occurs months later despite the fact that it had a nondelegable duty to repair that defect in a reasonable amount of time. See part I of this opinion. Such a result would vitiate the purpose and effect of both §§ 13a-99 and 13a-149.

in performing road repair work, which created the defect in the roadway that caused the plaintiff's injuries. Because the defendant does not claim that there were any other intervening factors, whether negligent or not, that combined with that defect to cause the plaintiff's accident, we conclude that the trial court properly determined that the defendant was liable under § 13a-149.

The judgment is affirmed.

In this opinion the other justices concurred.