## LORI BAGG *v.* TOWN OF THOMPSON ET AL.
(AC 29152)

Flynn, C. J., and DiPentima and Lavine, Js.

---

Argued December 1, 2008—officially released April 28, 2009

*William F. Gallagher*, with whom were *David McCarry* and *Leonard B. Bren*, for the appellant (plaintiff).

*Ralph G. Eddy*, for the appellee (named defendant).

*Opinion*

FLYNN, C. J. The common-law principle of sovereign immunity, which holds that the state may not be sued

without its consent, is well established in our jurisprudence. *Lagassey* v. *State*, 268 Conn. 723, 732, 846 A.2d 831 (2004). This immunity from suit implicates subject matter jurisdiction and, therefore, provides a basis for a court to grant a motion to dismiss. Id., 736. The immunity enjoyed by municipalities of the state, governmental immunity, differs from sovereign immunity in historical origin, scope and application. *Vejseli* v. *Pasha*, 282 Conn. 561, 573, 923 A.2d 688 (2007). Under the principle of governmental immunity, a municipality, in certain circumstances, possesses immunity from liability, but not from suit. Id. Accordingly, municipalities are capable of suing and being sued, similar to any natural person, corporation or other entity. *Gianetti* v. *Stamford*, 25 Conn. App. 67, 79, 593 A.2d 140, cert. denied, 218 Conn. 918, 597 A.2d 333 (1991). The doctrine of governmental immunity does not implicate subject matter jurisdiction and is not a basis for granting a motion to dismiss. *Vejseli* v. *Pasha*, supra, 572.

The plaintiff, Lori Bagg, appeals from the judgment of the trial court dismissing her complaint brought against the defendant town of Thompson pursuant to General Statutes § 13a-149, the municipal highway defect statute.[1] On appeal, the plaintiff claims that the court improperly concluded that it was without subject matter jurisdiction on the basis of its incorrect determination that the defendant municipality possessed sovereign, rather than governmental, immunity. We agree with the plaintiff that the defendant did not possess sovereign immunity, and therefore the court's granting

---

[1] The plaintiff brought her complaint in three counts. Count one stated a claim against the town of Thompson; count two was brought against Thomas J. Revet, Jr., and Vickie K. Revet; and count three was brought against John Narducci and Gertrude Narducci. The plaintiff withdrew her complaint as to the Narduccis on January 19, 2007. The plaintiff withdrew the action as against the Revets on October 22, 2007, after the present appeal was filed. The appeal concerns only the town, to which we refer in this opinion as the defendant.

of the motion to dismiss for lack of subject matter jurisdiction was improper. We reverse the judgment of the trial court.[2]

The plaintiff's complaint alleged that on September 1, 2003, she climbed a cement stairway located on the east side of Route 12 in Thompson. The stairway provided access from the homes located on Riverside Drive, adjacent to and below the elevation of Route 12, to the sidewalk bordering the state highway. As the plaintiff reached the top of the stairs, she leaned on the stairway's handrail, only to have the handrail give way, causing her to fall to the ground below and sustain injuries.

In count one of her complaint, the plaintiff alleged that the defendant had a statutory duty to maintain the sidewalk bordering Route 12 and that the stairway was a part of the defendant's sidewalks. The plaintiff claimed that her injuries were the result of the defendant's negligent failure to install and to maintain the handrail properly, which had been anchored in an empty soda can and inadequately embedded in the cement of the stairs. Count one also indicated that the plaintiff had provided notice of her injuries to the defendant pursuant to § 13a-149.[3] The complaint's two

---

[2] The plaintiff also claims that, construed in a manner most favorable to her, the pleader, the allegations of the complaint constituted a legally sufficient claim under § 13a-149. Because we find the plaintiff's first claim to be dispositive of the matter, we do not reach this claim.

[3] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair,

remaining counts alleged negligence against Thomas J. Revet, Jr., and Vickie K. Revet, and John Narducci and Gertrude Narducci, respectively, alternatively claiming that, at all relevant times, the stairway and the land on which it was located was owned, possessed, maintained and controlled by the Revets and by the Narduccis. The plaintiff alleged that her injuries were a result of the negligence of the Revets and the Narduccis in that they caused or permitted the handrail to be installed defectively and that they subsequently maintained the handrail but failed to remedy its defective condition.

Subsequent discovery revealed the following additional factual background. The defendant previously had sought and received state approval to make improvements to the sidewalk bordering Route 12 within the state's right-of-way. The defendant received funding for the project through the state's community development block grant fund, after the defendant learned that the state department of transportation did not intend to make any such improvements itself. The defendant hired an engineering firm, GM2 Associates, Inc. (GM2), as well as a contractor, M & M Construction, Inc. (M & M), to carry out the work, which was done between August and October, 1997. Madan Gupta, president of GM2, stated in an affidavit that the firm provided design, construction plans, specifications and full-time inspection services for the defendant's reconstruction of the sidewalk. He further stated that the defendant did not own the land covered by the project and that the sidewalk was fully within the state's right-of-way. Gupta also indicated that the stairs involved in the plaintiff's fall were not within the original scope of the project.

shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

As a result of the defendant's improvements to the sidewalk, the elevation of the sidewalk created a gap of approximately eight to twelve inches between the stairway's top stair and the sidewalk. Mark Manuel, a representative of M & M, testified in a deposition that because of this gap, the contractor reformed the stairs by pouring concrete over the existing stairs and installed the handrails. Manuel did not recall who specifically ordered M & M to complete the reformation but testified that it could not have been anyone other than GM2 or a representative of the defendant. The Revets acknowledged via affidavit, and Vickie Revet testified in a deposition that, although they had not been aware of the fact prior to May, 2004, the stairway was located within the bounds of their property. Prior to May, 2004, they believed that the stairway was part of the defendant's property. Thus, they stated that they neither requested nor consented to the reformation of the stairs.

On March 29, 2006, the defendant filed the motion to dismiss at issue in the present appeal, arguing that the court lacked subject matter jurisdiction because the plaintiff could not demonstrate the two elements of a cause of action under § 13a-149: (1) that she sustained her injuries on a defective road or bridge; and (2) that the defendant was the party bound to keep the road or bridge in repair. Citing *Novicki* v. *New Haven*, 47 Conn. App. 734, 738, 709 A.2d 2 (1998), the defendant further contended that, as a municipality, it possessed sovereign immunity and thus was immune from suit absent legislation waiving such immunity. In opposition, the plaintiff conceded that the stairway was on private property but argued that the defendant reformed the stairs for public use. The plaintiff further argued that the defendant's assertions that it was not the party bound to maintain the stairs were an insufficient basis for the court to find that it lacked jurisdiction. In a

supplemental brief in opposition to the defendant's motion to dismiss, the plaintiff contended that the defendant's motion was properly a motion to strike, as the substance of its claim was that the plaintiff had not stated a sufficient claim of liability under § 13a-149, not that the plaintiff could not state such a claim.

On February 13, 2007, while the defendant's motion to dismiss was still pending, the plaintiff filed a request for leave to file an amended complaint. The plaintiff sought to amend her complaint by, inter alia, adding an allegation that the defendant, through the acts and omissions of its employees, was negligent pursuant to General Statutes § 52-557n.[4] The plaintiff also sought to add an allegation that, by the acts alleged in the original complaint, the defendant had created and maintained a nuisance.[5]

By memorandum of decision filed August 14, 2007, the court granted the defendant's motion to dismiss. The court stated that the defendant, as a municipality, was immune from suit under the doctrine of sovereign immunity. The court further stated that § 13a-149 was

---

[4] General Statutes § 52-557n (a) (1) provides: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149."

[5] In its memorandum of decision granting the defendant's motion to dismiss, the court indicated that, because the defendant's motion challenged the court's jurisdiction, it was unable to consider the plaintiff's request to amend her complaint. See *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991) ("as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made"). The court, therefore, never ruled on the plaintiff's request.

an exception to such immunity and that its provisions were to be strictly construed. The court concluded that the plaintiff's failure to demonstrate that the stairway was a defective road or bridge for the purposes of the statute, coupled with her failure to show that the defendant was responsible for maintaining the stairs, deprived the court of subject matter jurisdiction. In a footnote at the end of its decision, the court stated that, given the allegations of the complaint, § 13a-149 provided the plaintiff's exclusive remedy and that she could not, therefore, maintain an action under § 52-557n.

I

In her principal argument on appeal, the plaintiff claims that the court improperly determined that the defendant possessed sovereign immunity rather than governmental immunity. Because governmental immunity does not implicate subject matter jurisdiction, as does sovereign immunity, the plaintiff argues that it was not a proper basis for granting the defendant's motion to dismiss. We agree with the plaintiff.

Our consideration of this case is guided by the following standard of review and principles of law. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005). "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this

regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Citation omitted; internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 516, 923 A.2d 638 (2007). "Where, however . . . the motion [to dismiss] is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, 255 Conn. 330, 346–47, 766 A.2d 400 (2001).

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

A recent Supreme Court case discussed the difference between the forms of immunity possessed by governmental entities. "Governmental immunity, which applies to municipalities, is different in historical origin, scope and application from the sovereign immunity enjoyed by the state. A suit against a municipality is not a suit against a sovereign. *Towns have no sovereign*

*immunity, and are capable of suing and being sued . . . in any action. . . . Municipalities do, in certain circumstances, have a governmental immunity from liability. . . . But that is entirely different from the state's sovereign immunity from suit . . . .*" (Emphasis in original; internal quotation marks omitted.) *Vejseli* v. *Pasha*, supra, 282 Conn. 573.

"[W]hereas [t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss . . . *Cox* v. *Aiken*, 278 Conn. 204, 211, 897 A.2d 71 (2006); the doctrine of governmental immunity implicates no such interest." (Internal quotation marks omitted.) *Vejseli* v. *Pasha*, supra, 282 Conn. 572. "[U]nlike the state, municipalities have no sovereign immunity from suit. . . . Rather, municipal governments have a limited immunity from liability." (Internal quotation marks omitted.) Id., quoting *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 26, 664 A.2d 719 (1995).[6]

The importance of the distinction between sovereign immunity and governmental immunity is borne out in the present case. After determining that the defendant municipality possessed sovereign immunity from suit, the court analyzed the case in terms of whether it had jurisdiction to hear the case. The defendant possessed *governmental* immunity, however, and it was not immune from suit. The defendant's argument in support of its motion to dismiss focused on the locus of the injury, the stairway. It maintained that because the stairway was not a "defective road or bridge" for the purposes of § 13a-149, the court could not maintain

---

[6] We recognize that the guidance of appellate decisions has not been entirely consistent in distinguishing between sovereign and governmental immunity. See *Martinez* v. *Dept. of Public Safety*, 258 Conn. 680, 689 n.11, 784 A.2d 347 (2001) (reviewing inconsistent use of terms "sovereign" and "governmental" immunity and noting that "sovereign immunity" always has referred to sovereignty of state while "governmental immunity" has been used to refer to municipal immunity and immunity of state).

jurisdiction over the matter. Given the nature of governmental immunity, the defendant's assertion that the stairway was not a "defective road or bridge" for the purposes of the statute did not implicate the court's jurisdiction over the matter but, rather, whether the plaintiff ultimately would be able to prove the elements of her claimed cause of action.

The defendant, however, argues that a motion to dismiss is the proper procedural vehicle to challenge a complaint whose allegations do not come within the scope of § 13a-149. For this proposition, the defendant relies on our Supreme Court's decision in *Ferreira* v. *Pringle*, supra, 255 Conn. 330. There, the plaintiff, who had been injured when he tripped on a broken signpost on the shoulder of a road, brought an action against the defendants, alleging that they had been negligent in maintaining the grassy embankment where the accident had taken place. Id., 332–36. The plaintiff brought this claim, citing § 52-557n (a) (1) (A). Id., 335–36. The defendants filed a motion to dismiss, arguing that allegations of the complaint, together with other uncontroverted evidence, implicated § 13a-149, which would therefore be the plaintiff's exclusive remedy. Id., 336. The defendants argued that the court lacked subject matter jurisdiction due to the plaintiff's failure to provide the notice required by § 13a-149. Id. The court agreed that the complaint necessarily invoked § 13a-149 and dismissed the complaint for lack of subject matter jurisdiction due to the plaintiff's failure to comply with the notice provisions of the statute. Id., 338.

On appeal, our Supreme Court affirmed the judgment of the trial court. Id., 357. The court held that the trial court properly had determined that the allegations of the complaint, together with the additional facts proffered in affidavits filed by the defendants, demonstrated that the alleged defect was in the highway right-of-way, thus necessarily invoking § 13a-149. Id., 354. The court

concluded: "As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice within ninety days of the accident. . . . In this case, it is undisputed that the plaintiff did not provide any written notice to the defendants within the requisite time period. Because he failed to comply with the notice requirements of § 13a-149, the trial court lacked subject matter jurisdiction over the action." (Citations omitted.) Id.

The defendant's reliance on *Ferreira* is misplaced. The case stands for the proposition that, when the allegations of a complaint and other properly considered evidence bring a plaintiff's cause of action within the purview of § 13a-149, the failure to provide the notice required by the statute deprives the court of subject matter jurisdiction over the action. The rationale behind *Ferreira* is that without the required notice, the plaintiff could not state a cause of action. The present case, however, is factually and procedurally distinguishable. Here, the plaintiff brought an action alleging injury due to a highway defect under § 13a-149 and provided the required notice. The court, upon considering the factual allegations and other evidence submitted, concluded that the stairway was not a defective road pursuant to § 13a-149 and, further, that the defendant was not the party bound to keep the stairway in repair under the statute. As we have discussed previously, the jurisdiction of the court was not implicated.

II

Citing *Considine* v. *Waterbury*, 279 Conn. 830, 905 A.2d 70 (2006), the defendant also argues that it possessed sovereign immunity for its acts here as an agent of the state. *Considine* concerned a plaintiff's claim against a municipality for injuries the plaintiff suffered when he fell against a window panel that shattered in a clubhouse building on a golf course owned and

operated by the municipality. Id., 833–34. The defendant leased a portion of the clubhouse building to a private entity that operated it as a restaurant. Id., 833. The trial court rejected the defendant's asserted special defense of governmental immunity, determining that the fact that the defendant derived a special corporate profit or pecuniary benefit from its receipt of rental income rendered it liable under § 52-557n (a) (1) (B). Id., 834. Our Supreme Court affirmed the trial court's judgment, holding, inter alia, that the defendant's leasing of a portion of the clubhouse to the private entity and its receipt of rental income therefrom constituted a proprietary, not a governmental, function. Id., 850.

In the course of distinguishing between governmental and proprietary acts, the court stated: "This court explained in *Hourigan* v. *Norwich* [77 Conn. 358, 364, 59 A. 487 (1904)], that when the state performs its governmental function through an agent, 'the agent cannot be sued for injuries resulting from a strict performance of the agency. In such case the act is regarded as the act of the [s]tate and not that of the agent, who is the mere instrument of the [s]tate and nothing more . . . .' Similarly, a municipality is the agent of the state 'in the exercise of certain governmental powers . . . [and when] the [s]tate imposes upon an incorporated city the absolute duty of performing some act which the [s]tate may lawfully perform and pertaining to the administration of government, the city in the performance of that duty may be clothed with the immunities belonging to the mere agent of the [s]tate . . . .' " *Considine* v. *Waterbury*, supra, 279 Conn. 841.

The defendant states that "[i]t is beyond question that the defendant was acting as an agent of the state in the activities at issue here and [was] thus cloaked in the same immunity from suit as the would be sovereign." The factual record, however, does not support this assertion. The record reflects that the defendant

sought to repair the sidewalks at some point after learning that the department of transportation did not intend to do so. The defendant further applied for and was granted funds for the project from the state's community development block grant program. These facts standing alone do not demonstrate that the state in this case imposed upon the defendant the absolute duty of performing the sidewalk repairs. See *Considine* v. *Waterbury*, supra, 279 Conn. 841. Neither has the defendant provided any authority, statutory or otherwise, for the proposition that such an agency relationship is created necessarily when a municipality is granted funding for such a project under circumstances similar to those here present. We cannot conclude that the defendant's actions were taken as the agent of the state and, therefore, reject this proposed alternate ground for affirmance.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.