### WILLIAM BARTLETT *v.* METROPOLITAN DISTRICT COMMISSION
### (AC 31231)

Bishop, Gruendel and West, Js.

Argued September 7—officially released November 23, 2010

*Gerald S. Sack*, with whom, on the brief, was *Eamonn S. Wisneski*, for the appellant (plaintiff).

*Jack G. Steigelfest*, with whom, on the brief, was *Thomas P. Cella*, for the appellee (defendant).

*Opinion*

WEST, J. The plaintiff, William Bartlett, appeals from the judgment of the trial court granting the motion filed by the defendant, the Metropolitan District Commission (commission), to dismiss his negligence action. On appeal, the plaintiff claims that the court improperly (1) concluded that it lacked subject matter jurisdiction because the claim was governed by General Statutes § 13a-149, which requires him to provide notice to the commission,[1] (2) failed to hold an evidentiary hearing prior to granting the commission's motion to dismiss and (3) considered the commission's assertion of governmental immunity. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. At approximately 11 a.m. on February 15, 2007, the plaintiff was walking on the sidewalk in the vicinity of 616 Maple Avenue in Hartford when he allegedly stepped into an improperly positioned storm drain, causing him to injure his lower back, legs and left knee. On May 14, 2008, the plaintiff commenced the present action

---

[1] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

against the commission. In his second amended complaint dated December 4, 2008, the plaintiff claimed that "[a]t all times relevant to this action, the [commission] . . . owned, controlled, maintained, and/or possessed the storm drain on which [he] stepped." He further alleged that the commission was negligent because it failed to inspect and to maintain the storm drain in a reasonably safe condition and that it failed to warn him and other pedestrians that the storm drain was improperly positioned, creating an unsafe condition that the commission failed to remedy or to correct. On January 13, 2009, the commission filed its answer and "admit[ted] that the storm drain identified by the plaintiff is maintained by the [commission], although the adjoining street is maintained by the City of Hartford . . . ." In its answer, the commission also raised four special defenses in response to the operative complaint, asserting as the fourth special defense that (1) the plaintiff's alleged injuries were sustained as a result of an allegedly defective road and, therefore, his claim fell under the purview of § 13a-149 and (2) the plaintiff's claim was barred due to noncompliance with the ninety day notice requirement of § 13a-149.[2] In response, the plaintiff filed a reply to the commission's answer and special defenses denying all the allegations contained therein.

On January 30, 2009, the commission filed a motion to dismiss the action for lack of subject matter jurisdiction. See Practice Book § 10-31. The commission argued that § 13a-149, often referred to as the highway defect statute,[3] was the exclusive remedy for personal injuries resulting from a defective road and that the plaintiff's

[2] The remaining special defenses asserted by the commission in its answer alleged that the plaintiff's claims were foreclosed under: (1) the doctrines of governmental and municipal immunity and qualified immunity; (2) immunity pursuant to General Statutes § 52-557n; and (3) contributory negligence. See footnote 9 of this opinion.

[3] See Nikiel v. Turner, 119 Conn. App. 724, 726, 989 A.2d 1088 (2010).

failure to comply with the prerequisite ninety day notice provision contained in the statute deprived the court of subject matter jurisdiction. The commission submitted no affidavits in support of its motion to dismiss. Instead, it relied on the plaintiff's pleading that the storm drain that he stepped into was "owned, controlled, maintained, and/or possessed" by the commission. In response, the plaintiff argued that § 13a-149 was inapplicable because the commission was not the party bound to keep the "Maple Avenue roadway in repair."[4] Relying on the commission's charter and interrogatory responses, the plaintiff argued that the city of Hartford (city) was the party responsible for maintaining and repairing Maple Avenue and that the commission was the party bound to maintain and to repair the storm drains on Maple Avenue only if given notice from the city or other sources. As a result, the plaintiff contended that there was a factual question regarding which party was bound to keep the storm drain in repair and that an evidentiary hearing was required to resolve this issue.

On April 30, 2009, the court, by way of a memorandum of decision, granted the commission's motion to dismiss, concluding that as a matter of law the plaintiff's claim invoked the highway defect statute, and, as a result, the statute was the exclusive remedy for his injuries. The court concluded that because the plaintiff had failed to comply with the notice provision mandated by § 13a-149, it lacked subject matter jurisdiction to review the claim. Accordingly, the court granted the commission's motion to dismiss.[5]

[4] In his memorandum of law in objection to the commission's motion to dismiss, the plaintiff attached two exhibits: §§ 1-1 through 1-2a-b of the Compiled Charter of the Metropolitan District and the plaintiff's interrogatories from January 13, 2009.

[5] In its memorandum of decision from April 30, 2009, the court addressed the plaintiff's objections to the motion to dismiss, noting that "[t]he only relevant reason [to deny the motion to dismiss before the court] is the plaintiff's assertion that the claim does not fall within . . . § 13a-149."

On May 14, 2009, pursuant to Practice Book § 11-11, the plaintiff filed a motion to vacate and reargue, asserting that (1) his claim did not fall within the purview of § 13a-149, (2) the court failed to address other issues that he had raised and (3) recent case law demonstrated that dismissal was improper. See footnote 2 of this opinion. The court denied the motion on June 10, 2009. On June 23, 2009, the plaintiff once again filed motions to vacate and reargue. That motion also was denied on August 12, 2009. This appeal followed. Additional facts will be set forth as necessary.

## I

The plaintiff first claims that the court improperly granted the commission's motion to dismiss when it concluded that it lacked subject matter jurisdiction over his claim. We disagree.

We begin by setting forth the well settled legal principles and standard of review that guide our resolution of the plaintiff's claims. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Kelly* v. *Albertsen*, 114 Conn. App. 600, 605, 970 A.2d 787 (2009). "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss

. . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Bagg* v. *Thompson*, 114 Conn. App. 30, 37–38, 968 A.2d 468 (2009). We are also mindful of the well settled principle that, "in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to [Practice Book] § 10-31 (a) (1) may encounter different situations, depending on the status of the record in the case. As summarized by a federal court discussing motions brought pursuant to the analogous federal rule, '[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed *facts*.' *Ramming* v. *United States*, 281 F.3d 158, 161 (5th Cir. 2001). Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." (Emphasis added.) *Conboy* v. *State*, 292 Conn. 642, 650–51, 974 A.2d 669 (2009).

"In contrast, if the complaint is supplemented by *undisputed facts* established by affidavits submitted in support of the motion to dismiss . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to

dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Emphasis in original; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 347–48, 977 A.2d 636 (2009).

In the present case, the plaintiff contends that he was not required to fulfill the necessary notice requirement under the highway defect statute because his claim does not come within the purview of § 13a-149. The following additional facts and procedural history are helpful in our resolution of this issue. In his memorandum of law in opposition to the commission's motion to dismiss, the plaintiff argued that, according to the Compiled Charter of the Metropolitan District[6] (charter), "the [commission's] powers regarding highway

---

[6] Section 1-2a of the Compiled Charter of the Metropolitan District states in relevant part: "[T]he authority of said district shall include only such streets and highways as enter more than one of the towns of said district or shall form a boundary or part of a boundary between two or more of such towns, and have, from time to time, been designated and described or . . . which are voluntarily turned over to said district by any town or city within said district acting through the duly constituted authority of any such town or city having authority to lay out highways and have been accepted by said district."

Section 1-2b of the Compiled Charter of the Metropolitan District states in relevant part: "[T]he construction of drains for water or sewage and the control and maintenance of all the foregoing in the public highways and elsewhere throughout the district, together with such control of the streams

maintenance and repair are limited to very specific factual circumstances . . . ." Specifically, the plaintiff claimed that the "[ commission] is bound to keep a given roadway in repair only if: (1) the roadway is spread out over at least two member towns; (2) the member town turned control of the roadway to the [commission]; and (3) the [commission] accepted such responsibility." The commission responded that § 1-2b of its charter gives it the responsibility for the "the construction of the drains for water or sewage and the control and maintenance [of said storm drains] . . . ." (Internal quotation marks omitted.) See footnote 6 of this opinion.

The dispositive issue before this court is whether the plaintiff's claim as a matter of law is controlled by § 13a-149 and, thus, required the plaintiff to provide notice of his intent to commence the present action within ninety days of the alleged injury. See footnote 1 of this opinion. "Historically . . . municipalities enjoyed immunity for injuries caused by defective highways under common law, due in good part to the miles of streets and highways under their control. . . . The highway defect statute, § 13a-149, is a legislative exception to the immunity that municipalities enjoyed at common law and, as such, must be *strictly construed.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Read* v. *Plymouth,* 110 Conn. App. 657, 663, 955 A.2d 1255, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008). "The statutory provisions of § 13a-149 have two components that must be met in order to trigger its application: (1) the plaintiff must have sustained an injury by means of a defective 'road or bridge' and (2) the party whom the plaintiff is suing must be

and water courses of said district as is necessary or convenient for the foregoing as hereinafter more particularly stated; for purposes of effectuating and carrying out any contract with the Connecticut Resources Recovery Authority, as described in this section, the Metropolitan District shall be deemed to be a municipal authority . . . ."

the 'party bound to keep [the location where the injury was sustained] in repair.'" *Novicki* v. *New Haven*, 47 Conn. App. 734, 739–40, 709 A.2d 2 (1998). Ownership of the property does not establish the applicability of § 13a-149. Id., 742. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . . [A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Citations omitted; internal quotation marks omitted.) *Ferreira* v. *Pringle*, 255 Conn. 330, 341–42, 766 A.2d 400 (2001). Put differently, once the condition has been classified as a highway defect, the court's "subject matter jurisdiction is tied to the determination of which entity had the duty to maintain the property at the precise location of the plaintiff's fall." *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 315, 763 A.2d 1058 (2001).

We now turn to the plaintiff's claim that the court erroneously concluded, as a matter of law, that the improperly positioned storm drain that allegedly caused his injuries fell within the purview of § 13a-149. First, the plaintiff argues that the city had a nondelegable duty to maintain the roadway in a reasonably safe condition. Relying on *Machado* v. *Hartford*, 292 Conn. 364, 372, 972 A.2d 724 (2009), the plaintiff contends, essentially, that the commission was a third party contractor hired by the municipality to maintain and to repair the storm drains on Maple Avenue in Hartford and, thus, was not entitled to notice under § 13a-149 because the city was prohibited from delegating that duty. The plaintiff's reliance on *Machado* is misplaced. In *Machado*, our Supreme Court held that a *municipality* cannot "transfer its general duty to maintain and repair its roads

onto a third party *independent contractor.*"[7] (Emphasis added.) Id., 375. Here, however, the commission is not a third party contractor. Rather, the commission itself is a municipal corporation created in 1929 by a special act of the General Assembly with its own prescribed duties to maintain the portion of the roadway that allegedly caused the plaintiff's injuries. See *Rocky Hill Convalescent Hospital, Inc.* v. *Metropolitan District,* 160 Conn. 446, 450, 280 A.2d 344 (1971); see also *Martel* v. *Metropolitan District Commission,* 275 Conn. 38, 41, 881 A.2d 194 (2005) ("commission is a political subdivision of the state"). As a result, we cannot conclude that this is a case in which the city delegated its duty to maintain the roadway to an independent third party contractor, as the *Machado* holding prohibits. See *Machado* v. *Hartford,* supra, 275.

The plaintiff next argues that it has yet to be determined whether the commission or the city had the duty to maintain the storm drain on Maple Avenue. In light of this alleged ambiguity, the plaintiff contends that the court improperly concluded that it lacked subject matter jurisdiction pursuant to § 13a-149 when it dismissed his action. We are not persuaded.

To support this argument, the plaintiff relies primarily on the commission's charter and interrogatory responses. First, he argues that § 1-2a of the commission's charter binds the commission to repair the roadway only if: "(1) the roadway is spread out over at least two member towns; (2) the member town turned control of the roadway to the [commission]; and (3) the [commission] accepted such responsibility." The

---

[7] In *Machado,* the city of Hartford hired a private, independent third party contractor to maintain the road where the purported injury took place. The contractor was not a municipal entity. See *Machado* v. *Hartford,* supra, 292 Conn. 366, 375. Our Supreme Court held that a municipal corporation may not abrogate its duty to maintain a roadway by delegating the care of its streets to a third party independent contractor. Id., 375.

plaintiff also maintains that the commission, in its interrogatory answers, acknowledged that it was not the party bound to maintain the storm drains on Maple Avenue. In the interrogatories, the commission was asked to "[i]dentify the person(s) responsible for the maintenance and inspection of the premises at the time and place where the plaintiff claims to have been injured." It responded: "The [city] maintains the street. The [commission] maintains the storm drains, but only with notice of a defect from the [c]ity or other sources." The plaintiff argues that this answer creates a question as to which municipal entity was responsible for the repair of the storm drain.

We conclude that the plaintiff's claim, as articulated in his second amended complaint, coupled with the commission's answer and its charter and interrogatory responses, all illustrate clearly that the plaintiff's injury occurred at the portion of the road that the commission "was bound to keep . . . in repair," and, thus, his claim is controlled by the strictures of § 13a-149. See General Statutes § 13a-149; *Ferreira* v. *Pringle, supra,* 255 Conn. 343. Furthermore, because the plaintiff failed to act in accordance with the prerequisite notice provisions set forth in § 13a-149, the court properly decided that it lacked subject matter jurisdiction over the action when it granted the commission's motion to dismiss. See *Bagg* v. *Thompson, supra,* 114 Conn. App. 41 (court lacks subject matter jurisdiction if plaintiff fails to provide municipality with notice of intent to sue within ninety days of accident); see also *Novicki* v. *New Haven, supra,* 47 Conn. App. 739 ("where a statute . . . sets prerequisites to suit . . . a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case").

First, we conclude that an improperly positioned storm drain cover located on the sidewalk is a defect under § 13a-149. "The word road or highway as used

in the highway defect statute has usually been construed to include sidewalks. . . . The term sidewalk is meant to apply to those areas that the public uses for travel. . . . Furthermore, a highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." (Internal quotation marks omitted.) *Bellman* v. *West Hartford*, 96 Conn. App. 387, 395, 900 A.2d 82 (2006). Since the cover of the storm drain was located on a sidewalk, it was reasonable to anticipate that the public would encounter it in the ordinary course of travel. Thus, the court properly determined, as a matter of law, that the facts admitted to in the pleadings constituted a highway defect for the purposes of § 13a-149. See *Ferreira* v. *Pringle*, supra, 255 Conn. 344 (highway defective when "condition exists which makes travel not reasonably safe for the public" [internal quotation marks omitted]); *Himmelstein* v. *Windsor*, 116 Conn. App. 28, 38–39, 974 A.2d 820 (physical obstruction at street level in traveled portion of road resulted in highway defect under § 13a-149), cert. granted on other grounds, 293 Conn. 927, 980 A.2d 910 (2009). Second, we are not persuaded by the plaintiff's contention that there was uncertainty pertaining to which municipal entity was bound to keep the storm drain in repair. As stated previously, the linchpin of this argument tenuously pivots on the plaintiff's perceived ambiguity of the commission's interrogatory response that stated: "The [city] maintains the street. The [commission] maintains the storm drains, but only with notice of a defect from the [c]ity or other sources." The flaw in this argument, however, is that the plaintiff ignores the factual admissions in his complaint that place the responsibility for maintenance of the Maple Avenue storm drains squarely within the commission's municipal authority. Additionally, the commission's admission

to these facts in its answer further buttresses our conclusion.

"Factual allegations contained in pleadings upon which the [cause] is tried are considered judicial admissions and hence irrefutable as long as they remain in the case. . . . *West Haven Sound Development Corp.* v. *West Haven*, 201 Conn. 305, 312, 514 A.2d 734 (1986); see *State* v. *Rodriguez*, 180 Conn. 382, 396, 429 A.2d 919 (1980) (noting that [t]he vital feature of a judicial admission is universally conceded to be its conclusiveness upon the party making it, i.e. the prohibition of any further dispute of the fact by him, and any use of evidence to disprove or contradict it . . .); *Cassidy* v. *Southbury*, 85 Conn. 221, 224, 82 A. 198 (1912) (It was not necessary for the defendant to prove what the plaintiff admitted by the pleadings. . . . An admission in pleading dispenses with proof, and is equivalent to proof. . . .); see also *Futterleib* v. *Mr. Happy's, Inc.*, 16 Conn. App. 497, 504, 548 A.2d 728 (1988) (noting that judicial admissions may be expressed in different forms such as formal pleading or written stipulation)." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, supra, 255 Conn. 345.

In the present case, the facts admitted to in the pleadings clearly allege that the commission maintained the storm drain at issue. Furthermore, at no time during the proceedings did the plaintiff seek to have the admissions in his complaint withdrawn, explained or modified. See id. These undisputed facts are further supported by our reading of the commission's charter that confers on the commission the municipal authority to be in "control and maintenance" of the commission's water and sewer drains. See footnote 6 of this opinion.

To support his argument that the responsibility for the storm drain remains in question, the plaintiff appears to rely on this court's decision in *Coughlin* v.

*Waterbury*, supra, 61 Conn. App. 315–16. In *Coughlin*, we explicitly stated that "subject matter jurisdiction is tied to the determination of which entity had the duty to maintain the property *at the precise location of the plaintiff's fall*." (Emphasis added.) Id., 315. Moreover, our holding in *Coughlin* is further distinguished from the present facts because the parties in that case submitted affidavits that "squarely conflicted as to which entity had the duty to maintain the property." Id. Here, the commission's motion to dismiss was predicated on the facts alleged in the complaint and the subsequent pleadings—all of which name the commission as the party bound to keep the property in repair. We determine, therefore, that the facts admitted to in the pleadings place the plaintiff's claim within the purview of § 13a-149.

Because the plaintiff did not comply with the required notice provisions of § 13a-149, the court ruled correctly, as a matter of law, that it lacked subject matter jurisdiction to hear the case. See *Bellman* v. *West Hartford*, supra, 96 Conn. App. 394 ("[i]f § 13a-149 applies, the plaintiff must comply with the notice provisions set forth therein in order for the trial court to have subject matter jurisdiction"); see also *Ferreira* v. *Pringle*, supra, 255 Conn. 344 (same).

## II

We next turn our attention to the plaintiff's claim that the court was required to conduct an evidentiary hearing prior to ruling on the commission's motion to dismiss. Our Supreme Court has instructed that "in the absence of any disputed issues of fact pertaining to jurisdiction, there [is] no need to hold an evidentiary hearing before deciding the motion to dismiss." *Amore* v. *Frankel*, 228 Conn. 358, 369, 636 A.2d 786 (1994); cf. *Conboy* v. *State*, supra, 292 Conn. 652 ("where a

jurisdictional determination is dependent on the resolution of a critical factual dispute," due process necessitates evidentiary hearing be conducted); *Coughlin* v. *Waterbury*, supra, 61 Conn. App. 315 (same). "A material fact is one that will make a difference in the result in the case." *Trotta* v. *Branford*, 26 Conn. App. 407, 412, 601 A.2d 1036 (1992). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact . . . ." (Internal quotation marks omitted.) *Martel* v. *Metropolitan District Commission*, supra, 275 Conn. 47.

Even when viewing the pleadings in a light most favorable to the plaintiff, as we are required to do in this case, we cannot conclude that there is any critical factual dispute regarding which municipal entity was bound to keep the storm drain in repair. Although the plaintiff attempts to create a factual dispute by purporting that there are contradictory responses between the commission's answer and interrogatory responses regarding its responsibility to maintain the storm drains, we fail to see the contradiction that he attempts to elucidate or, for that matter, how this alleged contradiction brings into question the commission's admitted duty to maintain the storm drains. The allegations in the present case did not contain a factual dispute regarding jurisdiction that necessitated an evidentiary hearing. See *Kelly* v. *Albertsen*, supra, 114 Conn. App. 609. The commission's motion to dismiss did not challenge the factual allegations in the plaintiff's complaint; see id.; nor did it challenge the facts contained in the subsequent pleadings.[8] Accordingly, we conclude that the

---

[8] The plaintiff's position, pressed at oral argument before this court, is that because the commission repairs the storm drains only upon notice from the city or other sources, this fact in some way removes the commission from liability under § 13a-149. The plaintiff has not pointed us to any authority that supports this premise, and our research has not uncovered any cases in which there existed a dual responsibility pertaining to maintenance

court properly ruled on the motion to dismiss without conducting an evidentiary hearing.[9] See id.

The judgment is affirmed.

In this opinion the other judges concurred.

under § 13a-149. Moreover, as an intermediate appellate court we are obligated to follow the well established precedent that places liability under § 13a-149 strictly on the municipal entity that has the "*duty . . . to keep [the property] in repair . . . or the party bound to keep [the property] in repair . . . .*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Novicki* v. *New Haven*, supra, 47 Conn. App. 742.

[9] The plaintiff also claims that the court improperly considered the commission's first special defense of governmental immunity in dismissing his complaint for lack of subject matter jurisdiction. Specifically, he argues that a motion to dismiss is an insufficient procedural tool for a court to use when dismissing a case on the ground of governmental immunity. Quoting *Vejseli* v. *Pasha*, 282 Conn. 561, 923 A.2d 688 (2007), the plaintiff contends that only "[t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss . . . . [However] the doctrine of governmental immunity implicates no such interest." (Citation omitted; internal quotation marks omitted.) Id., 572; see also *Bagg* v. *Thompson*, supra, 114 Conn. App. 31–32 (same).

After our careful review of the court's memorandum of decision, it is clear that the court did not dismiss the plaintiff's complaint on the ground that the commission possessed governmental immunity or immunity pursuant to General Statutes § 52-557n, as claimed by the plaintiff. In its memorandum of decision, the court stated that among all of the plaintiff's objections to the commission's motion to dismiss "[t]he only relevant reason [to deny the commission's motion] is the plaintiff's assertion that the claim does not fall within . . . § 13a-149." Thereafter, the court reiterated this point, finding that "the claim comes within the purview of § 13a-149 and because the plaintiff failed to provide written notice to the [commission, the commission's] motion to dismiss is granted." As a result of our conclusions in parts I and II of this opinion, we need not review this claim.