# ROGER EMERICK *v.* COMMISSIONER OF PUBLIC HEALTH ET AL.
## (AC 35209)

Alvord, Bear and Keller, Js.

Argued October 29—officially released December 24, 2013

*Roger Emerick*, self-represented, the appellant (plaintiff).

*Martha A. Shaw*, with whom, on the brief, was *Michael R. Oleyer*, for the appellee (defendant town of Glastonbury).

*Opinion*

BEAR, J. The self-represented plaintiff, Roger Emerick, appeals from the summary judgment rendered by the trial court in favor of the defendant town of Glastonbury (town), after that court concluded that the plaintiff's action against the town was barred by governmental immunity.[1] On appeal, the plaintiff claims

---

[1] The plaintiff brought this action against the town, the Commissioner of Public Health (commissioner), and the Connecticut Interlocal Risk Management Agency (agency). Before the filing of this appeal, however, the trial

that the court erred in rendering judgment in favor of the town. We do not reach the plaintiff's claim because we conclude that he lacked standing in this case and, therefore, that the trial court lacked subject matter jurisdiction. Accordingly, because the form of the judgment is improper, we reverse the judgment of the trial court and remand the case to that court with direction to render judgment dismissing the action against the town.

The plaintiff filed the present action against the town, the commissioner and the agency; see footnote 1 of this opinion; complaining that the town, pursuant to the instigation of the Department of Public Health (department), wrongfully had removed a diving board from a town swimming pool and replaced it with a "kiddie slide." He pleaded counts alleging negligence, recklessness and fraud, but did not seek monetary damages; rather, he sought a "declaratory judgment regarding the proper interpretation and application of the [Connecticut] public swimming pool regulations." The town filed a motion for summary judgment on the ground that it did not owe the plaintiff any duty and that the action against it was barred by governmental immunity. The court agreed and rendered judgment accordingly.[2] This appeal followed.[3] In its brief to this

court granted the commissioner's motion to dismiss the counts against her, and we affirmed that judgment on appeal. See *Emerick* v. *Commissioner of Public Health*, 138 Conn. App. 902, 51 A.3d 1210 (2012), cert. denied, 307 Conn. 951, 58 A.3d 976 (2013). Additionally, after the filing of this appeal, the court granted the agency's motion to strike all counts asserted against it, and the plaintiff appealed from that decision as well; we concluded, however, that a final judgment had not been rendered and dismissed that appeal.

[2] We note that the court incorrectly used the term "sovereign immunity" rather than governmental immunity. "[U]nlike the state, municipalities have no sovereign immunity from suit. . . . Rather, municipal governments have a limited immunity from liability." (Internal quotation marks omitted.) *Bagg* v. *Thompson*, 114 Conn. App. 30, 39, 968 A.2d 468 (2009). This misstatement, however, has no effect on the outcome of the present appeal.

[3] During oral argument before this court, the plaintiff specifically stated that he was not claiming that the town owed him a duty to provide a diving

court, the town argued, inter alia, that the trial court was without subject matter jurisdiction on the ground that the plaintiff's request for a declaratory judgment was nonjusticiable, as no practical relief could be afforded because the diving board already had been removed. At the start of oral argument, we asked the parties to address the issue of whether the plaintiff had standing to bring this action against the town. The plaintiff asserted that he had statutory standing pursuant to General Statutes § 4-175, and the town argued that the plaintiff had no standing.

We first must address the issue of whether the plaintiff had standing to bring the present action against the town. "The issue of standing implicates [the] court's subject matter jurisdiction. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury. Similarly, standing exists to attempt to vindicate arguably protected interests. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Orange*, 256 Conn. 557, 567–68, 775 A.2d 284 (2001). "Classical aggrievement requires

board at the pool. He explained that he wants only a declaratory judgment regarding the proper interpretation of the public swimming pool regulations.

a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the agency's decision has specially and injuriously affected that specific personal or legal interest. . . . Aggrievement does not demand certainty, only the possibility of an adverse effect on a legally protected interest. . . .

"Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Burton* v. *Commissioner of Environmental Protection*, 291 Conn. 789, 803, 970 A.2d 640 (2009).

The plaintiff argued before this court that he was statutorily aggrieved pursuant to § 4-175. We conclude that the plaintiff has not demonstrated either classical or statutory aggrievement.

"Jurisdiction pursuant to § 4-175, which specifically provides for a declaratory judgment under the [Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.] depends on whether the plaintiffs' rights or privileges have been threatened or impaired." *Connecticut State Employees Assn., Inc.* v. *Connecticut Personnel Policy Board*, 165 Conn. 448, 452, 334 A.2d 909 (1973); see *Connecticut Business & Industry Assn., Inc.* v. *Commission on Hospitals & Health Care*, 218 Conn. 335, 344–45, 589 A.2d 356 (1991). "Standing is not conferred upon a plaintiff merely by virtue of the fact that the complaint recites the provisions of the statute under which it is brought. . . . Rather, a complaint brought pursuant to § 4-175 must set forth facts to support an inference that a provision of the general

statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." (Internal quotation marks omitted.) *Stefanoni* v. *Dept. of Economic & Community Development*, 142 Conn. App. 300, 319, 70 A.3d 61, cert. denied, 309 Conn. 907, 68 A.3d 661 (2013).

"A party pursuing declaratory relief must . . . demonstrate . . . a justiciable right in the controversy sought to be resolved, that is, contract, property or personal rights . . . as such will be affected by the [court's] decision . . . . A party without a justiciable right in the matter sought to be adjudicated lacks standing to raise the matter in a declaratory judgment action. . . . [A] party who [is] simply a member of the general public who has not demonstrated how [he or] she was harmed in a unique fashion by the conduct [being] challenged in a declaratory judgment action ha[s] failed to establish a colorable claim of *direct* injury, and accordingly lack[s] standing to maintain the action." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Connecticut Business & Industry Assn., Inc.* v. *Commission on Hospitals & Health Care*, supra, 218 Conn. 348; see *Stefanoni* v. *Dept. of Economic & Community Development*, supra, 142 Conn. App. 318.

In the present case, the plaintiff alleged in relevant part that, in 2010, the department improperly, and in disregard of the plain language of its regulations, required the town to remove its diving board, and that it is requiring other municipalities to remove their pre-1982 diving boards as well. He claimed that the town improperly failed to oppose the department's unreasonable interpretation of its regulations and that he "and his family, and incidentally the public, were harmed by the [town's] removal of a proven safe, and substantively formative, recreational activity." He also claimed that

"[a]s a member of the public, [he] was injured by deprivation of this safe, quality recreation." He requested that the court declare that the department had failed to follow the clear language of its regulations and asked that the court issue an injunction requiring the department to follow the clear language of its diving board regulations.

We conclude that the plaintiff has not alleged facts sufficient to establish, if proved, that he is statutorily aggrieved. We also conclude that the plaintiff has not alleged facts sufficient to establish, if proved, a specific, personal and legal interest in the subject matter of the complaint that would satisfy the requirements for classical aggrievement. Specifically, the plaintiff has failed to allege facts that demonstrate that he has an interest either in the now removed diving board or in the interpretation of the regulations concerning diving boards that is distinguishable from the interest of the general public. As our Supreme Court explained in *Connecticut Business & Industry Assn., Inc.* v. *Commission on Hospitals & Health Care*, supra, 218 Conn. 348, "a party who [is] simply a member of the general public who has not demonstrated how [he] was harmed in a unique fashion by the conduct [he] ha[s] challenged in a declaratory judgment action ha[s] failed to establish a colorable claim of *direct* injury, and accordingly lack[s] standing to maintain the action." (Emphasis in original; internal quotation marks omitted.); see also *Stefanoni* v. *Dept. of Economic & Community Development*, supra, 142 Conn. App. 318. In the present case, the plaintiff has not alleged his specific, personal and legal interest necessary to invoke the jurisdiction of the court in an action for a declaratory judgment. Accordingly, he does not have standing to pursue this action, and we conclude, therefore, that it must be dismissed. See *Burton* v. *Dominion Nuclear Connecticut, Inc.*, 300

Conn. 542, 550, 23 A.3d 1176 (2011) (if plaintiff's standing does not appear from materials in record, complaint must be dismissed).[4]

The form of the judgment is improper, the judgment is reversed, and the case is remanded with direction to render judgment dismissing the action against the town for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

---

[4] In light of the foregoing, we do not reach the town's mootness claim based on the removal of the diving board.