******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGER EMERICK *v.* DEPARTMENT OF
PUBLIC HEALTH
(AC 35643)

DiPentima, C. J., and Lavine and Keller, Js.

*Argued February 6—officially released May 13, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Schuman, J.)

*Roger Emerick*, self-represented, the appellant
(plaintiff).

*Kerry Anne Colson*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Roger Emerick, appeals from the judgment of the trial court dismissing his action seeking declaratory and injunctive relief. On appeal, the plaintiff claims that the court improperly concluded that he lacked standing and that the case was moot. Relying on our recent decision in *Emerick* v. *Commissioner of Public Health*, 147 Conn. App. 292, 81 A.3d 1217 (2013), cert. denied, 311 Conn. 936, A.3d (2014), we conclude that the trial court properly determined that the plaintiff lacked standing and, therefore, properly dismissed the action.

On October 23, 2012, the plaintiff commenced the present action pursuant to General Statutes § 4-175. In the operative complaint, dated December 5, 2012, the plaintiff alleged that the purpose of his declaratory judgment was the proper interpretation of the "Connecticut Public Swimming Pool Regulations" (regulations).[1] Specifically, he claimed that the defendant, the Department of Public Health (department), improperly had interpreted the regulations to preclude the town of Glastonbury (town) from replacing or having a diving board at the Glastonbury Grange Pool. In addition to the declaratory judgment to determine the proper interpretation of the regulations, the plaintiff also sought injunctive relief.

On January 10, 2013, the department moved to dismiss the action on the grounds of lack of standing and mootness. On March 18, 2013, the court granted the motion to dismiss. Specifically, the court concluded that the plaintiff had failed to establish either classical or statutory aggrievement and, therefore, lacked standing. It also determined that the case was moot. This appeal followed.

On December 24, 2013, this court released its opinion in *Emerick* v. *Commissioner of Public Health*, supra, 147 Conn. App. 292. In that case, the plaintiff had appealed from the summary judgment rendered in favor of the town. Id., 293. The plaintiff had filed an action against the town, the department and the Connecticut Interlocal Risk Management Agency. Id., n.1. The plaintiff had alleged that "the town, pursuant to the instigation of the [department], wrongfully had removed a diving board from a town swimming pool and replaced it with a kiddie slide. He pleaded counts alleging negligence, recklessness and fraud, but did not seek monetary damages; rather, he sought a declaratory judgment regarding the proper interpretation and application of the [regulations]." (Internal quotation marks omitted.) Id., 294. The trial court rendered summary judgment in favor of the town on the basis of governmental immunity. Id., 293.

On appeal, this court determined that the plaintiff had failed to demonstrate either classical or statutory aggrievement. Id., 296. This court noted that "a com-

plaint brought pursuant to § 4-175 must set forth facts to support an inference that a provision of the general statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." (Internal quotation marks omitted.) Id., 296–97. This court then concluded: "[T]he plaintiff has not alleged facts sufficient to establish, if proved, that he is statutorily aggrieved. . . . [T]he plaintiff has not alleged facts sufficient to establish, if proved, a specific, personal and legal interest in the subject matter of the complaint that would satisfy the requirements for classical aggrievement. Specifically, the plaintiff has failed to allege facts that demonstrate that he has an interest either in the now removed diving board or in the interpretation of the regulations concerning diving boards that is distinguishable from the interest of the general public. As our Supreme Court explained . . . a party who [is] simply a member of the general public who has not demonstrated how [he] was harmed in a unique fashion by the conduct [he] ha[s] challenged in a declaratory judgment action ha[s] failed to establish a colorable claim of *direct* injury, and accordingly lack[s] standing to maintain the action. . . . [T]he plaintiff has not alleged his specific, personal and legal interest necessary to invoke the jurisdiction of the court in an action for a declaratory judgment. Accordingly, he does not have standing to pursue this action, and we conclude, therefore, that it must be dismissed." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 298.

In the present case, the plaintiff alleged that he was injured by the improper interpretation and application of the regulations that resulted in the "unnecessary" removal of the diving board at the Glastonbury Grange Pool. As a remedy, the plaintiff sought declaratory and injunctive relief. The plaintiff's complaint, however, failed to allege facts, if proved, sufficient to establish statutory or classical aggrievement. See *Emerick* v. *Commissioner of Public Health*, supra, 147 Conn. App. 298. Specifically, after a careful review of the complaint, we see no allegation of the plaintiff's specific, personal and legal interest necessary to invoke the jurisdiction of the trial court in an action for a declaratory judgment. See id. The plaintiff did not demonstrate how he has an interest, distinguishable from that of the general public, in the interpretation of the regulations or the removal of the diving board. This constitutes a failure to establish a colorable claim of a direct injury, resulting in a lack of standing to maintain this action. We conclude, therefore, that the court properly granted the department's motion to dismiss on the basis of lack of standing.[2]

The judgment is affirmed.

[1] This reference appears to apply to both § 19-13-B33b of the Regulations of Connecticut State Agencies and the Swimming Pool Design Guide avail-

able from the Connecticut Department of Public Health.

² As a result of this conclusion, we do not reach the issue of whether the case also is moot. See *Emerick* v. *Commissioner of Public Health*, supra, 147 Conn. App. 299 n.4.

————————————————